UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VICTOR COVERT
    Plaintiff,

vs.                                          Case No.: 1:24cv60/MW/ZCB

SOUTHEASTERN CONCRETE
PUMPING, INC., et al.,
    Defendants.
                                                /

## **REPORT AND RECOMMENDATION**

Before the Court is Defendants' "Unopposed Motion to Dismiss." (Doc. 47). In their motion, Defendants seek dismissal of this action because Plaintiff has failed to provide revised interrogatory answers or provide responses to Defendants' requests for production, despite two Court orders compelling him to do so. Plaintiff does not oppose the motion. For the reasons below, Defendants' motion should be granted.

### I. Discussion

First and foremost, it appears Plaintiff does not oppose the motion and consents to the dismissal of his case. When asked by defense counsel if he objected to the motion to dismiss his case as a sanction, Plaintiff replied "no I don't have any objection." (Doc. 47 at 2). The Court also

1

ordered Plaintiff to respond to Defendants' motion to dismiss by May 20, 2025, if he opposed the motion. (Doc. 49). The Court warned Plaintiff that if he did not respond, "then the Court will assume—as defense counsel has indicated—that Plaintiff does not oppose the motion and agrees to the dismissal of his case." (*Id.*). The deadline has passed, and Plaintiff has not filed a response.

Second, dismissal is warranted based on Plaintiff's failure to comply with the Court's orders regarding discovery and for his failure to prosecute. A district court has broad authority under Federal Rule of Civil Procedure 37 to control discovery, including dismissing a case as a sanction for violating discovery orders. *See* Fed. R. Civ. P. 37(b)(2)(C); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). And Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is appropriate where there is a clear record of "willful" contempt and an implicit or explicit finding that lesser sanctions would not suffice. *Gratton*, 178 F.3d at 1374.

In addition to the authority provided by Rules 37 and 41, a district court has the inherent "authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). That authority includes the ability to dismiss a case when a party has failed to comply with court orders. *See Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *see also Jenkins v. Security Engineers, Inc.*, 798 F. App'x 362, 371-72 (11th Cir. 2019) (affirming dismissal of a *pro se* plaintiff's complaint because he repeatedly failed to follow the district court's orders). The Local Rules for the Northern District of Florida also state that dismissal may be ordered "[i]f a party fails to comply with an applicable rule or a court order." N.D. Fla. Loc. R. 41.1.

Here, dismissal is appropriate because Plaintiff has repeatedly refused to comply with the Court's orders regarding discovery. (Docs. 38, 44). The Court granted Defendants' first motion to compel and ordered Plaintiff to provide sufficient interrogatory responses and respond to Defendants' requests for production of documents. (Doc. 38). The Court

3

warned Plaintiff that his failure to comply with the order would result in sanctions. After Plaintiff failed to comply with the Court's order, the Court gave Plaintiff a second chance to keep his lawsuit alive. (Doc. 44). The Court ordered Plaintiff, once again, to respond to Defendants' discovery requests. (*Id.*). The Court also imposed a monetary sanction of $320. (*Id.*). Plaintiff was warned that "failure to comply with this order will result in further sanctions, up to an including a recommendation of dismissal of his case." (*Id.* at 5). Nevertheless, Plaintiff failed to provide sufficient interrogatory responses, respond to Defendants' requests for production, or pay the $320 sanction.

In concluding that dismissal is appropriate here, the Court has determined that no lesser sanction would be sufficient. Plaintiff has already been monetarily sanctioned, and such sanction did nothing to correct Plaintiff's behavior. (Doc. 44). *See Reed v. Fulton Cnty. Gov't*, 170 F. App'x 674, 676 (11th Cir. 2006) (finding that dismissal was warranted when the "district court found that lesser sanctions would not suffice because [the plaintiff] had already ignored the court's order"); *see also Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 915 (11th Cir. 2010) (finding no error in the district court's conclusion that "no sanction

less than dismissal would suffice, given that [the plaintiff] continued to violate the rules after being warned"). Any lesser sanction would simply "enable [Plaintiff] to [further] 'flout' the court's discovery orders and [to] needlessly delay the case." *Reed*, 170 F. App'x at 676.

Plaintiff has abandoned his case and refused to comply with two Court orders regarding discovery. Dismissal with prejudice is, therefore, warranted as a sanction for Plaintiff's repeated failure to provide sufficient interrogatory responses and respond to Defendants' requests for production as required by this Court's orders and the Federal Rules of Civil Procedure.

## II.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Defendant's "Unopposed Motion to Dismiss" (Doc. 47) be **GRANTED** and this action be **DISMISSED with prejudice**.

At Pensacola, Florida, this 29th day of May 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.